# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN C. PETERSON,

        Plaintiff,

vs.

DESERT SPRINGS HOSPITAL, *et al.*,

        Defendants.

Case No.: 2:20-cv-00319-GMN-VCF

**ORDER**

        On February 18, 2020, the Court entered an Order directing pro se Plaintiff John Peterson ("Plaintiff") to show cause as to why the Court should not dismiss this action for failure to satisfy the jurisdictional requirements set forth in 28 U.S.C. §§ 1331 or 1332. (Min. Order, ECF No. 3). In the Order, the Court indicated that it did not recognize a statute in Plaintiff's Complaint where jurisdiction is independently conferred. The Court also advised Plaintiff that if he sought to invoke diversity jurisdiction, Plaintiff had to show that the complete diversity requirement of 28 U.S.C. § 1332(a)(1) is satisfied and that the amount in controversy exceeds $75,000.00. Moreover, the Court informed Plaintiff that failure to comply with the Court's Order would result in Plaintiff's case being dismissed without prejudice. On February 28, 2020, Plaintiff filed a Notice, (ECF No. 4), in response to the Court's Order.

        Upon review of Plaintiff's Notice, the Court finds that Plaintiff has failed identify a statute in his Complaint where jurisdiction is independently conferred. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) ("A plaintiff properly invokes [Section] 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States."). Similarly, Plaintiff has not provided any facts tending to show that the complete

diversity requirement of 28 U.S.C. § 1332(a)(1) is satisfied in this case and that the amount in controversy exceeds $75,000.00. Instead, Plaintiff's Notice merely lists three U.S. Supreme Court opinions generally addressing original jurisdiction: *United States v. Sayward*, 160 U.S. 493 (1895) (providing that under the Judiciary Act of March 3, 1887, as corrected by the Act of August 13, 1888, "the circuit courts . . . shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, . . . where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the Constitution or laws of the United States . . . ."); *Fishback v. W. Union Tel. Co.*, 161 U.S. 96 (1896) (affirming *Sayward*); *Holt v. Indiana Mfg. Co.*, 176 U.S. 68 (1900) (affirming *Sayward* and *Fishback*). Further, Plaintiff's Notice summarily references two Nevada Revised Statutes, one of which is a criminal negligence statute, without any analysis addressing jurisdiction. (Pl.'s Notice at 3, ECF No. 4) (citing NRS § 629.061; NRS § 200.495). As such, Plaintiff has failed to demonstrate that the Court has subject matter jurisdiction over this action. Plaintiff's case is therefore dismissed without prejudice.

## I. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff has failed to demonstrate that the Court has subject matter jurisdiction over this action. Therefore, Plaintiff's case is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, in light of the above, all currently pending motions are **DENIED as moot**.

The Clerk of the Court is directed to close this case.

**DATED** this __10__ day of April, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court